UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSE GASTEAZORO-PANIAGUA,

                    Petitioner,

    v.

MARGARET GILBERT,

                    Respondent.

CASE NO. C17-5787 BHS

ORDER ADOPTING IN PART
AND MODIFYING IN PART
REPORT AND
RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R")
of the Honorable Theresa L. Fricke, United States Magistrate Judge (Dkt. 14), and
Petitioner Jose Gasteazoro-Paniagua's ("Gasteazoro-Paniagua") objections to the R&R
(Dkt. 15).

On June 11, 2018, Judge Fricke issued the R&R recommending that the Court
deny Gasteazoro-Paniagua's petition on the merits. Dkt. 14. On June 25, 2018,
Gasteazoro-Paniagua filed objections to the R&R's recommendations on his second
claim for relief, which is an ineffective assistance of counsel ("IAC") claim. Dkt. 15.
Thus, the Court adopts the R&R as to the denial of Gasteazoro-Paniagua's first and third
claims for relief. On July 12, 2018, the Government responded. Dkt. 16.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

In this case, Gasteazoro-Paniagua objects to three of Judge Fricke's conclusions regarding the merits of his IAC claim, Judge Fricke's denial to hold an evidentiary hearing, and Judge Fricke's recommendation that a certificate of appealabilty ("COA") should be denied. Dkt. 15. The Court will first address the request for an evidentiary hearing, then turn to the merits of Gasteazoro-Paniagua's IAC claim, and then his request for a COA.

## A.    Evidentiary Hearing

Gasteazoro-Paniagua objects to Judge Fricke's denial of an evidentiary hearing. Dkt. 15 at 9–10. While the Court agrees with Gasteazoro-Paniagua that the R&R appears to be based on an incorrect, or at least slightly confusing, interpretation of the law, the Court nevertheless concludes that Gasteazoro-Paniagua has failed to show that he is entitled to an evidentiary hearing. The R&R concludes that an evidentiary hearing is not necessary "[b]ecause the state court adjudicated Gasteazoro-Paniagua's ineffective assistance claims on the merits . . . ." Dkt. 14 at 23. If a state court fails to address the merits of a claim, then the petitioner may be entitled to *de novo* review and may be entitled to an evidentiary hearing. *See*, *e.g.*, *Johnson v. Finn*, 665 F.3d 1063, 1069 (9th Cir. 2011). The opposite, however, is not the law such that, if a state court addresses the merits, a petitioner is not entitled to an evidentiary hearing.

Instead, the possibility of an evidentiary hearing is based on the type and/or success of the petitioner's initial attack on the state court's adjudication of the merits. For example, *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011), "precludes the consideration of new evidence only for the purpose of determining whether the last reasoned state court decision was contrary to or an unreasonable application of clearly established law or an unreasonable determination of the facts under 28 U.S.C. § 2254(d)." *Crittenden v. Chappell*, 804 F.3d 998, 1010 (9th Cir. 2015). If a petitioner successfully establishes that the state court's findings were an unreasonable determination of the facts, then the petitioner may be entitled to an evidentiary hearing. *Hurles v. Ryan*, 752 F.3d 768, 790–791 (9th Cir. 2014). In the alternative, a petitioner may be entitled to an evidentiary hearing if he seeks relief under 28 U.S.C. § 2254(e)(2), which governs situations where a petitioner failed to develop the factual basis of a claim in the state court proceeding.

In this case, Gasteazoro-Paniagua requested an evidentiary hearing under both § 2254(d)(2) and § 2254(e)(2) in his reply, Dkt. 13 at 6–7, and under § 2254 (d)(2) in his objections. The Court denies the request under § 2254(e)(2) because Gasteazoro-Paniagua fails to establish "a factual predicate that could not have been previously discovered through the exercise of due diligence . . . ." 28 U.S.C. § 2254(e)(2)(A)(ii). Gasteazoro-Paniagua argues that the state court denied him an evidentiary hearing, but fails to provide any authority for the proposition that such a denial establishes that he could not have obtained discovery from his defense attorney through the exercise of due

diligence. Therefore, the Court denies Gasteazoro-Paniagua an evidentiary hearing on this basis.

Regarding Gasteazoro-Paniagua's other grounds for a hearing, he has failed to show that the state court made an unreasonable determination of the facts in light of the record. 28 U.S.C. § 2254(d)(2). In his objections, Gasteazoro-Paniagua fails to identify what factual finding was unreasonable. Instead, he argues at a high level of generality that due process requires at least one court, state or federal, should offer a petitioner an opportunity to develop evidence in support of his claims. Unfortunately, due process does not require an evidentiary hearing as a matter of right. Looking to his reply, Gasteazoro-Paniagua asserts that he is entitled to an evidentiary hearing to question his defense counsel on the issue of why defense counsel failed to object to certain evidence and argument during trial. Dkt. 13 at 7. Gasteazoro-Paniagua fails to establish any fundamental failure in the state's fact finding process on the issue of his defense counsel's reasons for not objecting. Thus, Gasteazoro-Paniagua's entitlement to an evidentiary hearing turns on whether he can establish either prong of § 2254(d) based on the record before the state court. *Pinholster*, 563 U.S. at 181.

**B.    IAC**

Upon review of the record, the Court agrees with Judge Fricke that Gasteazoro-Paniagua has failed to show that the last reasoned state court decision was contrary to or an unreasonable application of clearly established law or an unreasonable determination of the facts. Federal habeas courts review IAC claims through a "doubly deferential" lens. *Yarborough v. Gentry*, 540 U.S. 1, 6 (2003). The state court concluded that (1) the

prosecutor did not commit error in closing argument regarding an alternate suspect, (2) defense counsel did not err in failing to object to the prosecutor's comments regarding Gasteazoro-Paniagua's presence in the courtroom, and (3) Gasteazoro-Paniagua had failed to show that the outcome of his trial would have been different had his defense counsel objected to the alleged vouching by the prosecutor. *See* Dkt. 14 at 11–20. Gasteazoro-Paniagua fails to show that any one of these conclusions were "objectively unreasonable." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). Therefore, the Court adopts the R&R as to the merits of Gasteazoro-Paniagua's claims. Failure to establish relief based on the state court record precludes the need for an evidentiary hearing. *Pinholster*, 563 U.S. at 181.

## C. Certificate of Appealability

Gasteazoro-Paniagua requests that the Court issue a COA on the issue of denial of an evidentiary hearing. Dkt. 15 at 11–12. A COA may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Petitioner must show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003).

The Court agrees with Judge Fricke that Gasteazoro-Paniagua has failed to advance any issue upon which jurists of reason could disagree. Even if Gasteazoro-Paniagua was allowed to probe his defense attorney's memory of the trial, such evidence would not be useful in contesting conclusions that the prosecutor did not commit error,

1  defense counsel's performance did not fall below a reasonable standard of performance,

2  and the outcome of the trial would not have been different if defense counsel had

3  objected to certain argument and/or evidence.

4       Therefore, the Court having considered the R&R, Gasteazoro-Paniagua's

5  objections, and the remaining record, does hereby find and order as follows:

6      (1)    The R&R is **ADOPTED in part** and **MODIFIED in part** on the issue of

7                an evidentiary hearing;

8      (2)    Gasteazoro-Paniagua's petition is **DENIED** on the merits;

9      (3)    A Certificate of Appealability is **DENIED**; and

10     (4)    The Clerk shall enter a JUDGMENT and close the case.

11     Dated this 27th day of August, 2018.

12

13  _____

14  BENJAMIN H. SETTLE
   United States District Judge

15

16

17

18

19

20

21

22